# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1196V
Filed: August 29, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JUSTIN DIAZ, on behalf of D.J. D., a minor child, | |
| Petitioner, | Damages Decision Based on Proffer; Diphtheria-tetanus-acellular pertussis |
| v. | (DTaP) Vaccine; Rotavirus Vaccine; Pneumococcal Vaccine; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Intussusception; Surgical Intervention; Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Diana Sedar*, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner;
*Ryan Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

On October 14, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), on behalf of his minor child, D.J.D. Petitioner alleged that the diphtheria-tetanus-acellular pertussis (DTaP), rotavirus, and/or pneumococcal vaccination administered on December 30, 2014, caused D.J.D. to develop intussusception requiring surgical intervention. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On January 6, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation. On August 29, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner, as guardian/conservator of the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

estate of D.J.D., should be awarded $100,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award.[3] Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $100,000.00 in the form of a check payable to petitioner, Justin Diaz, as guardian/conservator of the estate of D.J.D.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                 <u>s/Nora Beth Dorsey</u>
                                                 Nora Beth Dorsey
                                                 Chief Special Master

---

[3] Petitioner further agrees that no payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed the guardian/conservator of D.J.D.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.J.D., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.J.D. upon submission of written documentation of such appointment to the Secretary. Proffer at 1-2.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JUSTIN DIAZ, on behalf of D.J.D, a minor child,<br><br>                   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | No. 15-1196V<br>Chief Special Master Nora Beth Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 6, 2016, respondent filed her Rule 4(c) Report, in which she recommended that the Court find petitioner entitled to compensation, and on January 6, 2016, the Court entered its Ruling on Entitlement, finding petitioner entitled to compensation. Respondent now proffers that petitioner receive an award of a lump sum of **$100,000.00** in the form of a check payable to petitioner, as guardian/conservator of the estate of D.J.D. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner, as guardian/conservator of the estate of D.J.D., is entitled.[1]

Petitioner agrees with the proffered award of $100,000.00.[2]

Petitioner further agrees that no payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as the

---

[1] Should D.J.D. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[2] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

1

guardian/conservator of D.J.D.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.J.D., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.J.D. upon submission of written documentation of such appointment to the Secretary.

    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-9847

DATED:  August 29, 2016

2